Filed 6/3/24  P. v. Yancey CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>TAEVION KAMARIMARQUIS YANCEY,<br><br>    Defendant and Appellant. | F087389<br><br>(Super. Ct. No. F21906770)<br><br>**OPINION** |

-ooOoo-

### THE COURT*

APPEAL from a judgment of the Superior Court of Fresno County.  Charles J. Lee, Judge.

Maureen M. Bodo, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

* Before Levy, Acting P. J., Snauffer, J. and De Santos, J.

## STATEMENT OF APPEALABILITY

This appeal is from a final judgment of conviction following a guilty plea. It is authorized by Penal Code section 1237.5.[1]

## STATEMENT OF THE CASE

On August 24, 2021, the district attorney filed a complaint charging Yancey with attempted premeditated murder (§ 664/187, subd. (a); count 1), attempted kidnapping for carjacking (§ 664/209.5, subd. (a); count 2), carjacking (§ 215, subd. (a); count 3), carrying a loaded firearm in public (§ 25850, subd. (a); count 4), and carrying a concealed firearm (§ 25400, subd. (a)(2); count 5).

An enhancement for personal use of a firearm (§ 12022.53, subd. (b))[2] was alleged as to counts 1, 2, and 3. Criminal street gang enhancements were alleged as to all five counts (§ 186.22, subds. (b)(1) [counts 1, 2, 4 & 5] & (b)(4)(B) [count 3]). An active gang participant enhancement was alleged as to counts 4 and 5 (§§ 25850, subd. (c)(3), 25400, subd. (c)(3)). It was also alleged as an enhancement to count 4 that Yancey was not the registered owner of the firearm (§ 25850, subd. (c)(6)).

At the arraignment on December 16, 2021, Yancey pleaded not guilty to all counts and denied all enhancements.

The preliminary hearing was rescheduled multiple times at the request of Yancey's counsel as plea negotiations were ongoing. Finally, on September 21, 2023, a change of plea hearing was held. After being advised of and waiving his constitutional rights, Yancey pleaded no contest to attempted murder without premeditation (count 1)[3]

---

[1] All statutory references are to the Penal Code unless otherwise stated.

[2] The firearm enhancement to count 1 was originally alleged under section 12022.53, subdivision (d), but was changed to a subdivision (b) enhancement at the change of plea hearing on September 21, 2023.

[3] The complaint had originally alleged premeditation, but the trial court amended the complaint by interlineation to delete it on September 21, 2023.

and admitted an aggravating factor (great bodily injury).  He admitted the firearm allegation (§ 12022.53, subd. (b)).  On the People's motion, the court dismissed the remaining counts and allegations, along with two unrelated cases, reserving a right to comment.  There was a stipulated factual basis for the plea based on *People v. West* (1970) 3 Cal.3d 995.

On October 24, 2023, the trial court sentenced Yancey to the stipulated sentence of 19 years, consisting of the aggravated term of 9 years for attempted murder and 10 years, consecutive, for the personal firearm use enhancement.

On December 19, 2023, Yancey timely filed a notice of appeal, with a request for a certificate of probable cause, which was granted the same day.

## STATEMENT OF FACTS[4]

On August 20, 2021, a large crowd was leaving the Central High School stadium in Fresno after a football game.  In the parking lot, 19-year-old Yancey, walked up to another young man, 19-year-old D.F., and pointed a gun at him.  Yancey fired three shots, D.F. fell down, and Yancey fired a fourth shot.

Police officers present in their patrol car in the parking lot got out and ran toward Yancey, pointing their guns at him.  Yancey ran out of the lot and jumped into the back seat of a parked vehicle.  The driver was a 55-year-old-woman and the passenger was her 13-year-old granddaughter.  Yancey yelled at the woman to drive and the vehicle began moving slowly.  When the police ordered it to stop, the woman and the girl got out and ran away.  The vehicle kept moving until it came to a stop at the center median.  The officers found Yancey in the backseat with his hands up and arrested him.

The gun, which was recovered from the floor of the vehicle, was a privately manufactured "ghost gun" with no serial number.  It was loaded with six .40-caliber rounds and equipped with a laser sight.

---

[4] Facts are taken from the October 24, 2023, probation officer's report.

3.

D.F. sustained one gunshot wound each to his right arm, left leg, left shoulder, right shoulder, and one rib.  He denied knowing who shot him.

## APPELLATE COURT REVIEW

Yancey's appointed appellate counsel has filed an opening brief that summarizes the pertinent facts, raises no issues, and requests this court to review the record independently.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  The opening brief also includes the declaration of appellate counsel indicating Yancey was advised he could file his own brief with this court.  By letter on April 19, 2024, we invited Yancey to submit additional briefing.  To date, he has not done so.

Having undertaken an examination of the entire record, we find no evidence of ineffective assistance of counsel or any other arguable error that would result in a disposition more favorable to Yancey.

## DISPOSITION

The judgment is affirmed.